Argued March 13, 1945.
This habeas corpus proceeding involves the custody of two minor children, one seven years of age and the *Page 114 
other twelve. The father of the children is the relator and the mother is the respondent. After hearing, the court awarded the legal custody of the children to the father. Respondent's petition for an order of support for the children was consequently dismissed. Respondent has appealed from the order of the court below.
The court below in awarding the custody of the children to the father said: "The testimony indicates that the respondent has been guilty of immoral conduct, conducts herself improperly, drinks excessively, neglects her home and children, and does not rear her children in a moral and wholesome atmosphere.
"We are convinced that the permanent welfare of the children will be best subserved by taking them from the respondent and giving them into the custody of the relator."
The evidence clearly supports the conclusions of the court below; and our review of the proceedings causes us to agree with these conclusions. See Act of July 11, 1917, P.L. 817, § 1, 12 Pa.C.S.A. § 1874.
In such cases the governing criterion is the welfare and interest of the child or children. Hixon's Appeal, 145 Pa. Super. 33,35, 20 A.2d 925. Where the dispute is between the father and mother, the fitness of such parent to have custody of the child or children is to be considered as well as the best interest and permanent welfare of the child or children. Act of June 26, 1895, P.L. 316, § 2, 48 P. S. § 92; Com. ex rel. Martocellov. Martocello, 148 Pa. Super. 562, 564, 25 A.2d 855. In the present case the children will be in a better atmosphere and in more favorable surroundings in the custody of the father than in the custody of the mother. See Com. ex rel. Kreiling v.Kreiling, 156 Pa. Super. 526, 40 A.2d 704.
The order is affirmed. *Page 115